# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**REASSURE AMERICA LIFE INSURANCE COMPANY,**

                              **Plaintiff,**

-vs-                                                    Case No.  6:07-cv-233-Orl-18GJK

**WILMA L. WRIGHT, SONYA D. JONES, CLARENCE W. PHILPOTT,**

                              **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**     **CLARENCE W. PHILPOTT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT (Doc. No. 33)** |
| **FILED:**     **October 21, 2009** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

## I.      BACKGROUND

On February 15, 2007, Plaintiff Reassure America Life Insurance Company (herein, "Reassure") filed a Complaint for Interpleader (herein, the "Complaint"). Doc. No. 1.  The Complaint states that on March 5, 1999, Guarantee Reserve Life Insurance Company ("Guarantee Reserve") issued an insurance policy (herein, the "Policy") to Wilford L. Wells

("Wells") with a death benefit of $10,000.00. *Id.* On December 31, 2003, Guarantee Reserve merged with and became Reassure. *Id.* at 2. On April 13, 2005, Wells passed away. Doc. No. 33 at 2. According to the Complaint, Wilma L. Wright ("Wright") and Sonja D. Jones ("Jones") are Wells' daughters, and Wright is the appointed representative of Wells' estate. Doc. No. 1 at 2. Clarence W. Philpott ("Philpott") is Wells' stepson. *Id.* According to Reassure, Philpott is the sole beneficiary under the Policy. *Id.* However, Wright and Jones dispute the authenticity of the Policy. *Id.* On March 6, 2006, Guarantee Reserve received a Claimant Statement form from Wright and Jones seeking the death benefit under the Policy. *Id.* On September 29, 2006, Reassure received a Claimant Statement form from Philpott seeking the death benefit under the Policy. *Id.* Thereafter, Reassure initiated this action for interpleader. *Id.*

On September 25, 2009, the Court appointed counsel for Philpott because he is on active military duty. Doc. No. 30. On October 21, 2009, Philpott filed a Motion for Summary Judgment and Memorandum of Law in Support ("Motion") stating that Philpott is the death beneficiary under the Policy and refuting that Wright or Jones have any entitlement to the death benefits. Doc. No. 33. Philpott requests that this Court enter judgment in his favor for the sum of $10,889.86 currently held by the Clerk of the Court, direct Philpott's counsel to hold those funds until Philpott returns from active duty and thereafter to release those funds to Philpott. *Id.* at 2-3. Contemporaneously filed with the Motion is the affidavit of James McDonald, as authorized representative of Guarantee Reserve. Doc. No. 35. Mr. McDonald states that Wells applied for the Policy and designated Philpott as the sole death beneficiary. *Id.* at 2. Also filed with the affidavit is a copy of the Policy designating Philpott as the sole death beneficiary. Doc. No. 35 at 4. The Motion is unopposed.

## II.    LAW & ANALYSIS

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Whether a fact is material depends on the substantive law of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court must consider all inferences drawn from the underlying facts in a light most favorable to the non-moving party, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.  If an issue of material fact exists, the Court must not decide it, but rather, must deny summary judgment and proceed to trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[1] However, where no issue of material fact exists, the Court may enter judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment is mandated against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

After reviewing the Policy and affidavit of Mr. McDonald, there is no genuine issue of material fact. Fed.R.Civ.P. 56(c).  Philpott is the sole beneficiary under the Policy.  Moreover, the Motion is unopposed. Accordingly, it is recommended that

1. Judgment be entered in Philpott's favor for the sum of $10,889.86 currently held by the Clerk of the Court;

2. Philpott's counsel be directed to hold those funds until Philpott returns from active army duty and release those funds to Philpott only; and

3. The Clerk be directed to close the case.

---

[1]All decisions of the Fifth Circuit prior to October 1, 1981 are binding precedent on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 8, 2010.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties